The next case is number 21-1737 United States v. Bernardo Coplin-Benjamin. At this time, would Attorney Rivera-Rodriguez please come to the podium and introduce himself on the record to begin? Good morning, Your Honors. Good morning. I am Luis Rafael Rivera. I am counsel on appeal for Bernardo Coplin. I would like, from the offset, to reserve five minutes on rebuttal. You've got ten minutes total. That's right. So I'd like to reserve five minutes. Three minutes for rebuttal. Okay, three minutes is fine. Thank you. Essentially, this defendant was sentenced by Judge Besosa to the amount of 262 months of confinement when he entered straight plea. In other words, that there was no plea agreement in this case, as he was offered no plea agreement. The defendant decided to enter straight plea to the indictment, charging him with conspiracy to possess with intent to distribute five or more kilograms of cocaine and also importation of that cocaine from a territorial site of the United States, that is St. Thomas. I have to admit from the offset also, Your Honors, that the amount that appears on the pre-sentence investigation report of 132 kilos is correct. It was amount seized on a boat. The amounts are somewhat dissimilar in the sense that they seized 55 kilograms in one compartment of the same boat and 56 on the other ones that will sum up 111. Somehow they came up with the number 132. Nonetheless, they determined the base offense level of 36, stating that the amounts of, based on the guidance from 150 to 450 should apply. That is a mistake. That's a clear error from the court. It should have been level 34, base offense level 34, because there was only 132 kilograms seized. That's something that we did not brief on this matter, the court. However, from reviewing all the documents, yes, Your Honor. Because I hadn't heard that before. So you're conceding that that's not in your brief? It's not in our brief, Your Honor. That's correct. What are we supposed to do with that then? Well, Your Honor, that's a clear error from the court. That will be a miscarriage of justice if that ever persists. And that's something that when I was checking all documents, I realized that everybody overlooked that, including the probation officer and the court, as well as the government. So it is clear the amount is 132 kilograms of cocaine. That is evident from paragraph 11 of the pre-sensitive report that states that the approximate weight of the narcotics seized was 132 kilograms, page five of the pre-sensitive report. So from the offset, there is a mistake there in sentencing in this case. That's number one. Number two, Your Honor, there is extensive discussion on the record from our briefs and the government's brief about the defendant's role in the offense. I will say the main witness in this case was a participant, a cooperator, who stated that Mr. Copling was an organizer, that he was the one that organized the trip. So I submit to the court that instead of an organizer, because that person said that in court, or the government asked that question that he said correct, he was an organizer, he should have been labeled as a supervisor. We have discussed that in our brief. I'm not going to go any further than that. But one last point I want to make, Your Honor, is that the defendant cooperated with the government. He went to three or four of the briefings. This information was provided to the court. When the court sentenced the defendant, he sentenced the defendant to 262 months, which is almost 22 years with a straight plea. And the court didn't even mention the fact that he had cooperated with the authorities. I don't think that's a factor. So the government's position during those briefings was that he didn't really give them substantial information, and that by the time they got to the third briefing, he finally gave up a name, and it was too late to verify anything. Well, Your Honor. Before sentencing. So they didn't find it particularly useful. That is the position of the government. But why is that wrong? It's wrong because substantial cooperation is a 5K1.1 motion. That's a motion that you submit when the information has been truly beneficial and substantial to the government, as the guideline says. But when the government mentions the people who helped him organize his business partners, the people who put up the money for buying the cocaine, that's also useful information. I'm saying it's substantial amounting to the point of a 5K1 motion for the government. But it's a factor that you have to consider. Is there a substantial record as to what you are contending were the facts presented to the court should have considered? It was not developed down before the court. It was not, Your Honor. What are we supposed to do with that? Well, that's a matter that the court might have to take at face value. The point that the government admitted that he provided useful information. But the government disagreed. I mean, the government disagreed. If he had provided useful information and had gone into great detail about the information he provided, then the district court would have been in a position to at least consider it a mitigating factor. I think the government is not saying that he provided, he did not provide information. What they're saying is it does amount to substantial. Right. But it does amount to information. And in that regard, the court should have to consider that as a factor. And it did not. That is what I'm alleging in our brief. That they did not consider that as a factor in sentencing. We should have on that 35.3. Before you run out of time, could you give me your understanding as to what would be the definition of substantive unreasonableness? Your Honor, there is a case law on that matter. The court issue a case. I think it was U.S. August 2022. It was a case that was revoked. This court revoked the sentence issued by the Honorable District Court Judge Delgado. And in that decision, the court delineated the fact that when you use several factors outside of the guidance in determining a fair and reasonable sentence, you ought to consider those factors that are reasonable that one reasonable judge should consider. In that case, in particular, the court, the Judge Delgado considered factors relating to a policeman's complaints that were not resolved, properly resolved in the record. And she used those complaints as a basis for an overt departure of 60 months. I will say that's unreasonable. And the court stated so. Thank you, Your Honor. Any more questions? Thank you. At this time, the counsel for the government will introduce herself on the record to begin. Good morning, Your Honors. May it please the court, Maria Luctor for the government. The court should affirm Mr. Kauffman's sentence because the District Court appropriately applied the four-level leader organizer enhancement in this case, appropriately evaded and evaluated the sentencing factors and issued a reasonable bottom-of-guideline sentence for Mr. Kauffman, who was a leader in a large-scale drug importation conspiracy. First, even assuming the court reaches Mr. Kauffman's argument regarding the four-level leader organizer enhancement because it was perfunctory, the court here did not clearly err. The District Court did not clearly err in finding him to be a leader and organizer in this case. Mr. Kauffman claims that he was not a leader, that his role was akin to a supervisor because there was another person higher up in the Dominican Republic who was in charge of the conspiracy, but he fails to recognize that person's name. That name was not provided in the record. He was not someone who was actually charged. He was not a codependent. I didn't ask you that. Did he provide the name? No, not to my knowledge. I'm not aware of. Because the record says he provided one name in the third session, and I'm just trying to figure out what name that was that you didn't find particularly helpful. I do not know what name that was. My understanding was that he was provided three opportunities to provide information. He had three meetings with the government, and only at the last meeting, shortly before the sentencing, he provided a name, and that simply wasn't sufficient enough to justify a lower sentence or to justify any kind of substantial assistance. And that's what the government explained to the court at the sentencing hearing as well. What's the difference between a leader and a supervisor? The sentencing guidelines provide factors that the court looks at in figuring this out. They look at the decision-making authority, and here the evidence shows that Mr. Kauffman was a decision-maker. For example, he was the one who came up with the idea to bring in drugs from Saint Thomas to he was the one who requested the codefendant to purchase clothes for that reason, including providing funding. Can you give an example of someone who would be a supervisor who a court could not say was a leader? I cannot think of a sample off the top of my head. Perhaps someone who follows the orders and then provides, I'm sorry, I cannot think of a sample off the top of my head. And Mr. Kauffman was not only a leader, he was also a planner. The defendant brought up an objection that he was a supervisor rather than a leader or a planner. Going back to the question that Judge Kayada just asked, is that something that the district court should have grappled with and explained why he was accepting one versus the other? The district court looked at the facts that the PSR provided, and these facts were unobjected to. Mr. Kauffman never objected to these facts. And he looked at the facts, in looking at the facts, Mr. Kauffman was certainly the one that organized the trips. He was the one that had people meet at his house. The crew met at his house to receive instructions for him. And that's something that the district court discussed, that the crew met at Mr. Kauffman's house, received instructions, received petty cash for the trip. Mr. Kauffman never took part in these trips. This also goes to show that he was the one who was in charge and he was organizing the trips. So the district court looked at all these factors in determining that he was the leader and the organizer. And the cooperator at the co-defendant's trial also testified that Mr. Kauffman was the one who was organizing the trips. So there was sufficient evidence for the district court to determine that the four-level sentencing and husband was appropriate here in this case. Counsel, it might be, for example, speaking hypothetically, that there was some sort of an organization here and that organization stopped at this person or someone maybe one level above this person. There are cases that talk about other organizations where even though somebody in the same position as this defendant acted in the same ways, did the same kinds of organizing as this defendant, they would be considered a supervisor because there are people several levels above. In other words, they're not contracting with importers, distributors, somebody from another country, but they're actually part of an organization that is controlled from the top down in those other countries. And that can include accountants at the organizer level, it can include CEO types, etc. My question is, in a case like this where we lack information about the full structure of the organization, who had the burden of producing that information about the structure of the organization? And if it was the government, was that burden met? Yes, it was the government, and that burden was met because the main evidence that the district relied on came from the cooperator's testimony from trial. And that testimony and these facts were never objected to at the sentencing level. And again, there are sufficient facts here to determine that it was not clear error for the district court to find that Mr. Copeland was either an organizer. And again, I can discuss the facts here. You know, Copeland was the person who came up with the idea to bring in the drugs. He was in charge of the crew of the six co-conspirators that were ultimately charged with the two counts. He came up with the idea, he came up with the idea to purchase boats, he came up with the idea to do a test run to figure out the route, to figure out how long time it would take, how much gas, what the route would be like. He was the one who requested to bring back two kilograms of cocaine as part of this test run. He was the one that the co-defendant called for guidance when there was an issue with the boat. He was the one that the distributor for drugs in St. Thomas asked to talk to or discuss the conspiracy from another co-defendant. So that goes to show that he had decision-making authority, that he was in charge of the group. And not only that, but he was the one that personally spoke with that distributor to discuss the amount of drugs and how much the drugs would cost. And he was the one who never went to any of the trips, but was the one who provided guidance for the trip, before the trip, provided money for the trip, and he paid for each crew member for the trip afterwards. And he also discussed via text the conspiracy. He discussed, again, the amount of drugs, how much it would cost, the amount of packages, the ownership of some of the packages, and the estimated departure date from St. Thomas. So all this evidence... But you're not... I mean, all of that would be important if the court understood the full structure of the organization and that there was no one or very few people who had greater responsibility in terms of organizing or leading. But without knowledge of the full structure, I mean, we're left to guess, really, whether he was a supervisor or whether he was a leader, aren't we? And so my question only went to who's responsible for coming forward with information about the structure? Is the answer that if the PSR labels him as a leader, if he wants to challenge that, he then has the burden? Ultimately, it's the government's burden to provide evidence or to have the burden to show that the four-lever enhancement applies. And here, the PSR provided that evidence that the government made the arguments of sentencing that tracked or paralleled the PSR's evidence. And the district court had the evidence before it. And ultimately, for clear error review, which is in question here, even if there's two ways to look at the evidence, the district court's decision to go with one route that's equally plausible cannot be considered clearly erroneous. Does it count against a defendant like this who asserts that he has cooperated if the evidence is that the cooperation wasn't sufficient to show the entire structure? Is it fair to then hold that against him and say he was a leader because he had the chance to describe a more complex organization? Perhaps one way to answer your question, Your Honor, is that there could be more than one leader or organizer within the conspiracy. So even if the fact is that there is someone else higher up within the conspiracy, and there can always be a higher up, there can always be a boss that's higher up, that on its own does not negate the possibility of Mr. Copeland being called an organizer. And the evidence here, uncontested evidence, supports the determination, the district court's determination in this regard. I hope I answered your question, Your Honor. Is there any other? Thank you. At this time, if Attorney Rivera would please introduce himself back on the record to begin. He has a three-minute rebuttal. Again, good morning. Counselor Rafael Rivera. It is clear, Your Honor, from the records that the court did not have the entire structure of the organization in this case. Many of the briefings that were discussed with the government, the court was not aware of those details. And the fact that the money to purchase the cocaine was coming from the Dominican Republic, that the person from the Dominican Republic huddled the contacts in St. Thomas in order to transfer the drugs over to the United States, that is, to Puerto Rico. Mr. Copeland was a mere supervisor in this case, who oversaw giving them the petty cash, money for gas, and overseeing the receipt of the cocaine. Why don't you give a shot at answering Judge Howard's question posed to your sister counsel? There was an allegation in the PSR that he was a leader, not a supervisor. You objected, saying he's a supervisor. Who has the burden of doing what at that point? In my opinion, we all can. And the PSR also spells out its reasoning for why it considered your client a leader or organizer. I believe the case law is quite clear that it will be the defendant's burden in that regard to prove that he was not the leader once it is stated on the record by the PSR that he was the leader. And the court assumes that position, I believe, will be the defendant to prove otherwise. But did you? No, Your Honor, we did not meet that burden sufficiently before the court. We tried to develop it for the Honorable Judge Bezosa on a bench conference, but it was not fully developed in the record. Well, is that because you didn't develop it or because the judge wouldn't let you develop it? I believe the judge did not allow us to develop properly. And is that on the record? The bench, yes, Your Honor, the bench discussion was on the record. That is on the record. That's all what I have to put forward to the court. If there are any questions, I'm more than glad to answer. So are you saying that it's your position that your client had the burden of proving he was a supervisor, not a leader, and that he did not carry that burden? I think that at a certain point, once the PSR comes with the determination that he's a leader, it was up to us to controvert that. We attempted to do that before the court. We believe that we met the burden before the court that he was not the leader, that he was not in charge of the overall operation. There were other people higher up than himself, but the court did not have a full understanding of the structuring of the importation and other people involved in this case. We did not have the chance to develop that before the court. And what do you mean you didn't have the chance? There was a sentencing hearing here. It was a sentencing hearing, Your Honor. Is there a point in that hearing you would point us to where you started or your counsel for the defendant started to try to make that showing it was cut off or precluded? Yes, Your Honor, I believe so. And it was an open hearing with people in the court, and it will not be proper to discuss a cooperation from the defendant in open court unless it is closed. Now, for safety reasons for the defendant. I have the transcript here. Where in the transcript was defense counsel precluded from making an argument? It was of the bench, Your Honor, that we stated that he was cooperating, and the court said, okay, okay, let's go forward. Let's move forward. But now, I think the question had not to do with cooperation, but had to do with whether he's a leader or not. No, but in terms of the leader, Your Honor, we suppose that he was not a leader, that he was a supervisor, a mere supervisor. And that was, I think we met that burden before the court. I don't know if I misspoke and said otherwise, but that is the fact. Was there a written objection to the PSR labeling him that? Yes, Your Honor, there was a written objection. It was short, but it was a written objection that he was not a leader. So, I'm surprised you concede that the burden wasn't on the government to then... I think it shifts. A little bit. I think it shifts somehow, Your Honor, to the defendant once there is on the record that, for example, in the PSR that he was a leader. That is debatable. Some cases says that it should be up to the defendant to put forward the evidence that he was not a leader. Some other cases and other circuits state otherwise, but I believe under this circuit, it will be up to the defendant to put forward the evidence that he was not a leader. So, I'm sorry, but I'm confused now. So, let me make sure. Are you saying it was the defendant's burden to prove he was not a leader, point one? I believe that is the case, Your Honor. Excuse me? I believe that is the case. And are you saying point two, he did not carry that burden? I think he carried the burden. Okay. I did. Is that all? Any more questions? Always a pleasure. Thank you. That concludes argument in this case.